Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | | |
|---|---|---|
| GINA RAE HELGESON, | ) | CV -22-56-GF-BMM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| UNITED STATES OF AMERICA; VISTA | ) | |
| STAFFING SOLUTIONS, INC.; | ) | |
| NAVTEJPAL SINGH KAHLON; and | ) | |
| DOES 1-10; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff alleges as follows:

1.      Gina Rae Helgeson is an enrolled tribal member of the Fort Belknap Indian

Community and a citizen of the State of Montana. Gina Rae Helgeson is the

mother and personal representative of LoyGene Molina, who died on April

1, 2021, due to the negligence of health care providers at the Fort Belknap

Indian Health Service.

2.     This Court has jurisdiction over this cause of action pursuant to the Federal

Tort Claims Act, 28 U.S.C. 2671, *et seq*., because the claim arises from

conduct of federal government agents and Plaintiff has exhausted

administrative remedies.

3.     This Court has exclusive jurisdiction over tort claims brought against the

United States pursuant to 28 U.S.C. § 1346(b).

4.     Defendant Vista Staffing Solutions, Inc. is a Delaware corporation with its

principal place of business in Plantation, Florida, that has a contract with

the United States to provide health care providers on the Fort Belknap

Indian Reservation.

5.     Based on information and belief, Defendant Navtejpal Singh Kahlon is a

California resident who is contracted to provide health care services on the

Fort Belknap Indian Reservation at the Indian Health Service.

6.     Defendants Does 1-10 are individuals whose true identities and capacities

are as yet unknown to Plaintiff and her counsel, despite diligent inquiry and

investigation, and who acted herein as described more particularly below in

connection with the breaches of duties and/or violations of law alleged

here and who in some manner or form not currently discovered or known

to Plaintiff may have contributed to or be responsible for the injuries alleged here. The true names and capacities of the Doe Defendants will be substituted as they become known.

7.   Plaintiff filed Federal Tort Claim Act claims on September 30, 2021, and the Department of Health and Human Services received the claims on October 5, 2021. The government has not acted on the claims, therefore Plaintiff's claims are now ripe for adjudication.

8.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b).

9.   LoyGene Molina was born on April 15, 2003. He was an enrolled tribal member of the Fort Belknap Indian Community.

10.  On July 8, 2021, LoyGene Molina presented at Ft. Belknap IHS complaining of difficulty breathing and congestion. IHS providers diagnosed pharyngitis, prescribed azithromycin, and discharged him.

11.  On July 30, 2021, LoyGene Molina returned to the Fort Belknap IHS clinic complaining of severe pain in his head and congestion, as well as nausea, weakness, and dizziness. IHS providers administered some medications and discharged him.

12.     On August 1, 2021, LoyGene Molina returned to the Fort Belknap IHS clinic at about 2:15 pm, complaining of headache, congestion, nausea, and abdominal pain. He was tachycardic.

13.     IHS providers administered Reglan, Benadryl, and several liters of saline intravenously. LoyGene Molina went into cardiac arrest and died at 8:44 pm on August 1, 2021.

14.     Health care providers at the Ft. Belknap Health Center were negligent and violated relevant standards of care from July 8 through August 1, 2021, for failures to timely diagnose and treat LoyGene Molina's condition, for failures to provide proper care, and for failures to refer him out in a timely manner.

15.     Health care providers at the Ft. Belknap Health Center were negligent and violated the standard of care on August 1, 2021 when they administered Reglan, Benadryl, and several liters of saline intravenously to LoyGene Molina.

16.     These negligent intravenous treatments caused LoyGene Molina to go into cardiac arrest.

17.     Health care providers at the Ft. Belknap Health Center were negligent and violated the standard of care in failing to properly assess and refer LoyGene

Molina to other medical care providers upon his presentations to the IHS in July and August of 2021.

18. The Ft. Belknap Health Center violated the standard of care by not being adequately prepared and equipped to diagnose and treat patients who present with Hantavirus symptoms.

19. As a direct and proximate result of each of the acts and omissions of the IHS and health care providers at the Ft. Belknap Health Center alleged in this Complaint, LoyGene Molina's condition deteriorated and he died while in the care of the Ft. Belknap Health Center.

20. Plaintiff should receive lawful damages under Montana's survival statute, MCA § 27-1-501, and wrongful death statute, MCA § 27-1-513, as follows:

A. For the wrongful death of LoyGene Molina and the loss of economic and family support, his expected future earnings, as well as the companionship, affection, society, consortium, comfort, and services he provided to his family;

B. For LoyGene Molina's mental anguish, pain, and suffering before he died;

C. For LoyGene Molina's funeral and burial costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1.      For judgment in such amounts as shall be proven at the time of trial.

2.      For an award of attorney's fees and costs as provided by any

applicable provision of law.

3.      For such other and further relief as the Court deems just and

equitable.

DATED this 20th day of June, 2021.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC